**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent A. Lopano, | NO.  CV-17-8204-PCT-SPL (DKD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Vincent A. Lopano filed a Petition for Writ of Habeas Corpus ("Petition"), challenging his convictions, pursuant to a plea agreement, in Yavapai County Superior Court for two class 2 felonies.  Respondents contend that his Petition contains only claims that Lopano waived when he entered a plea of guilty.  As explained below, the Court recommends that Lopano's Petition be denied and dismissed with prejudice.

## BACKGROUND

On January 28, 2015, Lopano entered a plea of guilty in Yavapai County Superior Court to one count of possession of a dangerous drug for sale and one count of transportation of a dangerous drug for sale.  (Doc. 13, Exs. I, J)  The Court found he entered the plea knowingly, intelligently, and voluntarily.  (Doc. 13, Ex. G at 73:8-11)  He was sentenced to concurrent terms of 14 years and 20 years.  (Doc. 13, Ex. K)  He timely initiated post-conviction relief and, after his counsel filed a "Notice of No Claim,"

Lopano filed a *pro per* Petition for Post-Conviction Relief.  (Doc. 13, Exs. L, M, N)  At the conclusion of briefing, the Superior Court dismissed the Petition having "conclude[d] that [Lopano's] guilty plea was made knowingly, intelligently and voluntarily and that no purpose would be served by any further proceedings." (Doc. 13, Ex. P)

Lopano then filed an untimely request for additional time which was denied by the Arizona Court of Appeals.[1]  (Doc. 18, Ex. E)  He moved for reconsideration and the Court of Appeals indicated he should file his request with the Superior Court.  (Doc. 18, Ex. G)  He did and the Superior Court denied his request.  (Doc. 18, Ex. I)  He then reurged his motion for reconsideration with the Court of Appeals and was denied.  (Doc. 18, Ex. K)

Subsequently, Lopano filed his Petition where he raises five grounds for relief.  He argues that the State violated the privilege of his attorney client relationship by listening to his phone calls from jail, that the Superior Court abused its discretion in two different ways when it denied his Motion to Suppress, that the State vindictively prosecuted him, and that he received ineffective assistance of counsel during pre-plea proceedings. (Doc. 1)

## ANALYSIS

**Lopano's claims are barred and waived.**

A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

---

[1]  The Court notes with alarm that Respondents did not include this portion of the procedural history and instead imply that Lopano never attempted to file a Petition for Review.  (Doc. 13 at 12-13, Ex. Q)

- 2 -

Lopano did not exhaust any of the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Lopano needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claim and the federal basis of those claims. The Court of Appeals concluded that Lopano had untimely filed his petition for review and so he was not able to present the merits of his claim. (Doc. 18, Ex. E) As a result, his claims are not exhausted.

In addition, Lopano's claims are now subject to an implied procedural bar because his claims were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a). *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

In his reply, Lopano argues that he should have received the extension to file his Petition for Review from the state courts because he had timely filed his requests. (Doc. 18 at 2-5) He includes copies of mail logs that appear to be legal mail records from the Arizona Department of Corrections. These logs indicate that Lopano sent legal mail to the Superior Court and the Court of Appeals before the Petition for Review deadline. (Doc. 18, Exs. B, C)

However, even if Lopano had timely exhausted the Petition's claims in the Arizona Court of Appeals, or could demonstrate either cause for the default and actual

prejudice to excuse the default, or a miscarriage of justice, this Court could not conduct a substantive review of them because Lopano cannot, as he would like, claim a "deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). He has "voluntarily and intelligently plead[ed] guilty to a criminal charge [and so he] may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985).

Lopano has not raised the only claim available to him because he has not "called into question the voluntary and intelligent character of [his] plea[], and therefore [is] not entitled to the collateral relief [he] seek[s]." *U.S. v. Broce*, 488 U.S. 563, 574 (1989). Accordingly, the Court concludes that the Petition's claims are both barred and waived.

**IT IS THEREFORE RECOMMENDED** that Vincent A. Lopano's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 5th day of June, 2018.

_____
David K. Duncan
United States Magistrate Judge