IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Vincent A. Lopano,

        Petitioner,

v.

Charles L. Ryan, et al.,

        Respondents.

No. CV-17-08204-PCT-SPL

**ORDER**

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) The Court has also received Respondents' Limited Answer (Doc. 13), the Report and Recommendation of the Magistrate Judge (Doc. 20), and Petitioner's Objections. (Doc. 25)

Petitioner argues in Ground 1 that the State of Arizona violated his Constitutional rights by listening to his jail telephone calls. (Doc. 1 at 6) In Grounds 2 and 3, Petitioner argues the trial court abused its discretion by denying motions to suppress certain evidence. (*Id.* at 7-8) In Ground 4, Petitioner argues vindictive prosecution. (*Id.* at 9) In the last Ground requesting relief, the Petitioner argues ineffective assistance of counsel. (*Id.* at 9) Respondents argue Petitioner's claims are procedurally defaulted and untimely. (Doc. 13 at 4-16) The Magistrate Judge concluded the Petitioner's claims are barred and waived. (Doc. 20, at 2-5)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files

a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been carefully considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Duncan. Petitioner failed to exhaust any of the claims in his habeas petition. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 20) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 25) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

///

5. That the Clerk of Court shall **terminate** this action.

Dated this 7th day of August, 2018.

_____
Honorable Steven P. Logan
United States District Judge